**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7033**

_____

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

      v.

SANCHEZ OZELL MCPHERSON, a/k/a Delano Jacob McPherson, a/k/a
Chez, a/k/a Delano MacPherson,

                   Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-01348-PMD-1; 2:13-cv-00641-PMD)

_____

Submitted:  November 20, 2014     Decided:  November 25, 2014

_____

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Sanchez Ozell McPherson, Appellant Pro Se.  Sean Kittrell,
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sanchez Ozell McPherson seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 21, 2014. The notice of appeal was filed, at the earliest, on July 1, 2014.[*] Because McPherson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal and deny his motion for appointment of counsel. We dispense with oral argument

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED